IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Raymond P. Moore

Civil Action No. 1:18-cv-01060-RM-KLM

LAMBLAND, INC. d/b/a A-1 Organics, Inc., a Colorado corporation,

    Plaintiff,

v.

HEARTLAND BIOGAS, LLC, a Denver limited liability company,

    Defendant.

---

# ORDER

---

This matter is before the Court on Defendant's objection to the magistrate judge's order denying as moot its motion to compel. (ECF No. 106.) For the reasons below, the objection is overruled.

## I.     LEGAL STANDARDS

This Court can modify or set aside a magistrate judge's order on a nondispositive matter only if it is clearly erroneous or contrary to law. 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a); *Hutchinson v. Pfeil*, 105 F.2d 562, 566 (10th Cir. 1997). The Court must have "a definite and firm conviction that a mistake has been committed." *Ocelot Oil Corp. v. Sparrow Indus.*, 847 F.2d 1458, 1464 (10th Cir. 1988) (quotation omitted).

Fed. R. Civ. P. 45(c)(2)(B) allows a party to seek an order to compel the production of documents by a non-party. The party issuing a subpoena must take reasonable steps to avoid imposing an undue burden or expense on the entity subject to the subpoena.

Fed. R. Civ. P. 45(c)(1). The scope of discovery allowed under Fed. R. Civ. P. 45 is governed by Fed. R. Civ. P. 26(b)(1), which requires production of "any nonprivileged matter that is relevant to the party's claim or defense and proportional to the needs of the case." "For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action." *Id.*

## II. BACKGROUND

Plaintiff operated an organic recycling business, and Defendant operated a solid waste facility. In August 2015, the parties entered into lease and services agreements whereby Plaintiff agreed to lease a portion of the facility and to provide Defendant with organic materials for its operations. After the Colorado Department of Public Health and Environment ("CDPHE") and the Board of County Commissioners of Weld County ("BOCC") shut down the facility, Plaintiff sued Defendant (and another entity, later dismissed from the case) for breach of contract and negligent misrepresentation. The gist of Plaintiff's claims is that Defendant misrepresented that it had a certificate of designation ("CD"), which is a prerequisite for running a waste facility in Colorado. *See* Colo. Rev. Stat. § 30-20-102(1) ("Except as otherwise specified in this section, a person who owns or operates a solid wastes disposal site and facility shall first obtain a certificate of designation from the governing body having jurisdiction over the area in which such site and facility is located."). Defendant admits that it did not obtain a CD from the BOCC. Defendant contends that the previous owner transferred its CD to Defendant when it purchased the facility in 2013 and that representations by the BOCC and the CDPHE led Defendant to believe that it had a valid CD.

Defendant filed a designation of non-parties at fault (ECF No. 47) identifying both the BOCC and the CDPHE, but it withdrew the designation (ECF No. 101) when Plaintiff amended its complaint and dismissed its negligent misrepresentation claims (ECF No. 102). This discovery dispute concerns the BOCC's refusal to produce all the documents requested by a subpoena from Defendant. Although Defendant's motion to compel production (ECF No. 74) was fully briefed (ECF Nos. 80, 82), the magistrate judge denied it as moot, citing the dismissal of the negligent misrepresentation claims and the withdrawal of the designation of non-parties at fault. (ECF No. 103.) In the same order, the magistrate judge granted the BOCC's motion for a protective order. (ECF No. 79.)

## III. ANALYSIS

Defendant objects to the magistrate judge's ruling, arguing that (1) the magistrate judge clearly erred by concluding that its subpoena was issued solely to support its designation of non-parties at fault, and (2) the requested documents are relevant to its defenses against Plaintiff's breach of contract claims. Although Plaintiff and the BOCC argue that Defendant has waived any argument that the documents sought are relevant for any purpose not specified in its prior pleadings, the Court assumes that such arguments are not waived for present purposes. Defendant has not shown the information sought from the BOCC is relevant to the breach of contract claims, and therefore the Court discerns no basis for finding the magistrate judge's order is clearly erroneous or contrary to law.

To prevail on its breach of contract claims, Plaintiff needs to show (1) the existence of the contracts, (2) its own substantial performance, (3) Defendant's failure to perform, and (4) resulting damages. *See W. Distrib. Co. v. Diodosio*, 841 P.2d 1053, 1058 (Colo. 1992).

Plaintiff contends that Defendant breached its obligations under the lease and services agreements by operating its facility without complying with applicable laws, including the requirement to obtain a CD.  Defendant concedes that it did not apply for a CD but argues that it obtained one from the previous owner of the facility, who transferred its CD to Defendant.  But Defendant cites no authority for the proposition that the previous owner of the facility could have transferred its CD to Defendant consistent with Colorado law.  To the contrary, Plaintiff and the BOCC have cited authority establishing that "a certificate to operate a particular site and facility is personal and nontransferrable without prior approval." *City & Cty. of Denver v. Eggert*, 647 P.2d 216, 226 (Colo. 1982).  In the absence of any authority to support its position that it could have obtained a valid CD by some other means, Defendant has not shown there is any dispute that it did not have a CD.  Nor has Defendant shown that any of the information it seeks from the BOCC makes the existence of any fact of consequence to the determination of Plaintiff's breach of contract claims more or less probable.  *See* Fed. R. Evid. 401.  Thus, Defendant has not met its burden of showing that the magistrate judge's ruling is clearly erroneous or contrary to law.

IV. **CONCLUSION**

Accordingly, the Court OVERRULES the objection (ECF No. 106).

DATED this 4th day of December, 2019.

BY THE COURT:

_____
RAYMOND P. MOORE
United States District Judge