**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Raymond P. Moore**

Civil Action No. 18-cv-01060-RM-KLM

LAMBLAND, INC. d/b/a A-1 Organics, Inc., a Colorado corporation,

    Plaintiff,

v.

HEARTLAND BIOGAS, LLC, a Denver limited liability company,

    Defendant.

---

## ORDER

---

    Before the Court are Plaintiff's Motion for Writ of Execution (ECF No. 317) and Motion to Impose a Judgment Lien (ECF No. 318). The Motions have been fully briefed (ECF Nos. 319, 320, 323, 324) and are granted for the reasons below.

    A nine-million-dollar judgment, which continues to accrue interest, was entered against Defendant on May 18, 2022. Although Defendant has appealed the matter to the United States Court of Appeals for the Tenth Circuit, it has neither satisfied the judgment nor posted a supersedeas bond. Meanwhile, Defendant is prosecuting a related civil action against the Colorado Department of Public Health and Environment and the Board of County Commissioners of Weld County, Colorado in state court. Plaintiff seeks a writ of execution to enforce the judgment as well as a judgment lien on any proceeds Defendant obtains in the state court action.

"Generally, the first step in enforcing a money judgment is to obtain a writ of execution." *RMA Ventures Cal. v. Sun America Life Ins. Co.*, 576 F.3d 1070, 1074 (10th Cir. 2009). Under Fed. R. Civ. P. 69(a), "[a] money judgment is enforced by a writ of execution, unless the court directs otherwise," according to the procedure of the state where the court is located. Under Colorado law, the court may order a party "to apply any property other than real property, not exempt from execution, whether in the possession of such party or other person, or owed the judgment debtor, towards satisfaction of the judgment." C.R.C.P. 69(g). In addition, Colorado courts recognize that a chose in action is personal property that can be levied. *See AA Wholesale Storage, LLC v. Swinyard*, 488 P.3d 1213, 1219 n.5 (Colo. App. 2021); *see id.* at 1219 (noting that C.R.C.P. 69 has been interpreted liberally to assist judgment creditors in enforcing final money judgments). "Though a judgment creditor may obtain a judgment lien and an execution lien, they are independent statutory liens." *Franklin Credit Mgmt. Corp. v. Galvan*, 457 P.3d 749, 753 (Colo. App. 2019).

The Court finds each of Plaintiff's Motions has merit. Having obtained its judgment more than five months ago, Plaintiff is not required to wait indefinitely for Defendant to pay, notwithstanding the fact that Defendant has filed an appeal and "expects the Tenth Circuit to issue a decision within the next twelve months." (ECF No. 319 at 4.) Nor does this case present circumstances in which Defendant is likely to prosecute its state court action with less vigor because some potential proceeds could ultimately go to Plaintiff.

Therefore, Plaintiff's Motions (ECF Nos. 317, 318) are GRANTED. The Clerk is directed to ISSUE the proposed Writ of Execution (ECF No. 317-1), and the Court hereby

imposes a JUDGMENT LIEN on the proceeds, if any, from Defendant's state court chose in action.

DATED this 1st day of November, 2022.

BY THE COURT:

_____
RAYMOND P. MOORE
United States District Judge