**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior Judge Raymond P. Moore**

Civil Action No. 18-cv-01060-RM-KLM

LAMBLAND, INC. d/b/a A-1 Organics, Inc., a Colorado corporation,

    Plaintiff,

v.

HEARTLAND BIOGAS, LLC, a Denver limited liability company,

    Defendant.

---

## ORDER

---

Before the Court is Plaintiff's Forthwith Motion for Entry of Judgment for Diversion Damages (ECF No. 364), seeking entry of judgment on the jury's award of $868,378 for diversion damages. The Motion has been fully briefed (ECF Nos. 366, 367) and is granted for the reasons below.

**I.    BACKGROUND**

On November 30, 2023, the United States Court of Appeals for the Tenth Circuit issued a revised Order and Judgment which vacated the jury's verdict with respect to certain damages it awarded Plaintiff in this case while ruling that "the jury's diversion damages verdict for $868,378.00 remains." *Lambland, Inc. v. Heartland Biogas, LLC*, 2023 WL 8276140, at *10 n.12 (10th Cir. 2023); *see also id.* at *7 n.7 (noting that aside from the issue of liability, which the Tenth Circuit affirmed, Defendant did not contest that Plaintiff is entitled to $868,378 in diversion damages). The case was remanded to this Court for further proceedings.

On remand, the Court directed the parties to file supplemental briefing on how the case should proceed. (ECF No. 347.) Once the mandate issued and that briefing was completed, the Court ordered additional briefing on three issues: whether Plaintiff should be permitted to present evidence of its reliance damages, whether such damages are properly characterized as rescission damages, and whether any remaining issues on damages could be resolved on motions for summary judgment. (ECF No. 361.) Although the parties disagree on the first two issues, they appear to agree that *if* Plaintiff is allowed to pursue further recovery, the amount of damages to which it still is entitled could be determined on summary judgment without the need for a second trial. (*See* ECF No. 362 at 20; ECF No. 363 at 12.) To date, no motions have been filed addressing these aspects of the case.

Instead, Plaintiff filed the current Motion, seeking entry of judgment solely on diversion damages.

## II. LEGAL STANDARD

Under Fed. R. Civ. P. 54(b), a district court may direct the entry of final judgment as to fewer than all the claims in a case upon making an express determination that there is no just reason for delay. *Curtiss-Wright Corp. v. General Elec. Co.*, 446 U.S. 1, 3 (1980). "[C]ertification under Rule 54(b) is appropriate when a district court adheres strictly to the rule's requirement that a court make two express determinations. First, the district court must determine that the order it is certifying is a final order. . . . Second, the district court must determine that there is no just reason to delay review of the final order until it has conclusively ruled on all claims presented by the parties to the case." *Okla. Tpk. Auth. v. Bruner*, 259 F.3d 1236, 1242 (10th Cir. 2001) (citations omitted).

### III.  ANALYSIS

In the operative Second Amended Complaint (ECF No. 102), Plaintiff asserted two breach of contract claims based on two related agreements: the Lease Agreement (Count I) and the Substrate Services Agreement ("SSA") (Count II).  There is no dispute that the jury's diversion damages verdict is based on the SSA, while Plaintiff's contention that it is entitled to reliance damages is based on the Lease.  For purposes of determining finality, the Court must first determine whether the judgment with respect to diversion damages awarded on Count II is "distinct and separable" from Plaintiff's unresolved claim for reliance damages on Count I. *See Jordan v. Pugh*, 425 F.3d 820, 826 (10th Cir. 2005); *see also Stockman's Water Co., LLC v. Vaca Partners, L.P.*, 425 F.3d 1263, 1265 (10th Cir. 2005).  Under the circumstances of this case, the Court finds that they are.

"[T]here is no bright-line rule to distinguish multiple claims, which may be appealed separately, from multiple legal grounds in a single claim, which may not." *Jordan*, 425 F.3d at 827.  However, "[t]his distinction is based largely on practical concerns, particularly the question whether a subsequent appeal of the claims before the district court will require the court of appeals to revisit the same issues decided in the first appeal." *Id.*

Here, the Tenth Circuit has already ruled that "the jury's diversion damages verdict for $868,378.00 remains," *Lambland*, 2023 WL 8276140, at *10, so regardless of what becomes of Plaintiff's claim for reliance damages under the Lease, the Court cannot foresee a scenario in which the appellate court would need to revisit any issues pertaining to Count II.  Given the procedural posture of this case, Defendant's contention that the SSA and Lease are "inextricably intertwined" is unavailing.  (ECF No. 366 at 5.)  Count II was submitted to a jury, and its

3

diversion damages verdict has been affirmed by the Tenth Circuit.  Further, although he Tenth Circuit ruled that consequential damages were not available to Plaintiff under the SSA, it left open the possibility that Plaintiff may yet be able to recover such damages under the Lease.  *See Lambland*, 2023 WL 8276140, at *8 ("[U]nlike the SSA, the Lease only bars consequential damages resulting from [Defendant's] activities *on the property*.").  Therefore, the Court finds Count I is separable from Count II, the verdict on diversion damages under the latter is final, and the policy of preventing piecemeal appeals will not be undermined by entering final judgment with respect to the jury's verdict on diversion damages.

The Court further finds that there is no just reason to delay entering final judgment as to Count II.  Defendant contends the Court should determine whether Plaintiff can recover reliance damages before directing entry of final judgment on the diversion damages award.  (ECF No. 366 at 6.)  However, no motion for or against reliance damages is currently pending.  Moreover, the Court finds that equitable considerations weigh in favor of entering final judgment now rather than waiting to see what additional motions are filed in this case.  Plaintiff asserts that Defendant is dissipating and transferring its assets in an apparent attempt to avoid having to pay the judgment, and at the same time the clock is ticking on the statute of limitations for fraudulent transfer claims.  (ECF No. 367 at 3.)  Plaintiff also argues that a final judgment would assist its collection efforts.  *See Curtiss-Wright*, 446 U.S. at 12 (reasoning that impairment of the judgment creditor's ability to collect on the judgment would weigh in favor of certification).  Meanwhile, Defendant offers no compelling reason why it should not be required to pay damages that it acknowledges are owed to Plaintiff.  The authorities Defendant cites in opposition to certification are not on point because none of them deal with a judgment that has

4

already been affirmed, in part, by an appellate court.[1]  Nor is the Court persuaded that Plaintiff unreasonably delayed seeking final judgment (in March 2024) with respect to diversion damages after issuance of the mandate in December 2023 and the briefing that followed in this Court.

IV.  **CONCLUSION**

Accordingly, the Court GRANTS Plaintiff's Motion and directs the Clerk to enter JUDGMENT in Plaintiff's favor on Count II in the amount of $868,378.

DATED this 12th day of July, 2024.

BY THE COURT:

RAYMOND P. MOORE
Senior United States District Judge

---

[1] In light of the Tenth Circuit's Order and Judgment, the Court also rejects Plaintiff's suggestion that the Court amend the original judgment entered in this case.