IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior Judge Raymond P. Moore

Civil Action No. 18-cv-01060-RM-KLM

LAMBLAND, INC. d/b/a A-1 Organics, Inc., a Colorado corporation,

    Plaintiff,

v.

HEARTLAND BIOGAS, LLC, a Delaware limited liability company,

    Defendant.

## ORDER

    Before the Court is Plaintiff's Forthwith Motion (ECF No. 397), seeking an order dissolving the thirty-day automatic stay of execution provided for in Fed. R. Civ. P. 62(a) in connection with the Court's March 24, 2025, Judgment on Plaintiff's Count II (ECF No. 395). Plaintiff contends that without such an order, Defendant and its alter ego, EDF Renewables Development, Inc. ("EDF"), are likely to dissipate assets needed to satisfy the Judgment.

    At the Court's direction, Defendant filed an expedited Response to the Forthwith Motion. (ECF No. 402.) Defendant contends that Rule 62(a) is inapplicable because the March 24, 2025, Judgment is an interlocutory order and not an enforceable final judgment—that is, it did not resolve all claims in this litigation (as Count I is still at issue) nor did the Court expressly determine that there was no just reason for delay in entering judgment with respect to Count II. *See* Fed. R. Civ. P. 54(b).

    The Court agrees with Defendant's position. Further, the Court finds Plaintiff's citation to a handful of transactions and statement balances shown in Defendant's banking records is

insufficient to demonstrate that the assets needed to satisfy Plaintiff's judgment are at substantial risk of dissipation.[1]  On the current record, Plaintiff has not demonstrated that unusual circumstances warrant depriving EDF of an automatic stay so that it may decide how to proceed following the Court's Order piercing Defendant's corporate veil and entering judgment on Plaintiff's Count II.

However, the Court further finds sua sponte that there is no just reason for to delay entering final judgment on Plaintiff's Count II.  This finding is based on the Court's previous determination that there appears to be no scenario in which the Tenth Circuit would need to revisit any issues related to Count II as well as the Tenth Circuit's determination that the jury's verdict with respect to Plaintiff's diversion damages survived the appeal.  (*See* ECF No. 395 at 4.)

Accordingly, the Court directs the Clerk to ENTER FINAL JUDGMENT on Plaintiff's Count II pursuant to Fed. R. Civ. P. 54(b), and Plaintiff's Forthwith Motion (ECF No. 397) is DENIED WITHOUT PREJUDICE.

DATED this 7th day of April, 2025.

BY THE COURT:

_____
RAYMOND P. MOORE
Senior United States District Judge

---

[1] In the context of addressing the Forthwith Motion, the Court declines to reach any discovery disputes related to these records that are alluded to in the parties' briefs.