**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior Judge Raymond P. Moore**

Civil Action No. 18-cv-01060-RM-KLM

LAMBLAND, INC. d/b/a A-1 Organics, Inc., a Colorado corporation,

      Plaintiff,

v.

HEARTLAND BIOGAS, LLC, a Delaware limited liability company, and
EDF POWER SOLUTIONS DEVELOPMENT, INC., a Delaware corporation,

      Defendants.

---

### ORDER

---

Before the Court is Plaintiff's Forthwith Motion seeking to increase the supersedeas bond in this case from about $1.2 million to over $5.8 million. (ECF No. 479.) The Motion has been briefed on an expedited schedule. (ECF Nos. 481, 482; *see also* ECF Nos. 484-88, 491.) The Court denies the Motion for the reasons below.

## I.    BACKGROUND

Plaintiff filed this lawsuit eight years ago, asserting breach of contract claims premised on two agreements it made with Defendant Heartland Biogas, LLC ("Heartland"): the Operating Lease (Count I) and the Substrate Services Agreement (Count II). On both Counts, Plaintiff prevailed on summary judgment on the issue of liability, and the case proceeded to trial to determine the amount of Plaintiff's damages. (*See* ECF No. 181.) The jury awarded over $5 million in lost profits (on both Counts) and $868,378 in diversion damages (on Count II). The Court awarded over $2 million in attorney fees and costs. Heartland appealed.

The United States Court of Appeals for the Tenth Circuit vacated the jury's verdict with respect to lost profits damages but allowed the diversion damages to stand. *Lambland, Inc. v. Heartland Biogas, LLC*, 2023 WL 8276140, at \*10 n.12 (10th Cir. 2023) (unpublished); *id.* at \*7 n.7.  In remanding the case, the Tenth Circuit also directed the Court "to recalculate the appropriate amount of fees and costs because of [its] decision to vacate the majority of the jury's damages award." *Id.* at \*10 n.12.

Following supplemental briefing on how the case should proceed, the Court granted Plaintiff's request to enter final judgment on the diversion damages.  (ECF No. 368, 369.)  The judgment was amended to include prejudgment interest and certified as final on April 8, 2025.  (ECF Nos. 396, 407.)  In addition, the Court granted Plaintiff's motion seeking to pierce Heartland's corporate veil and hold Defendant EDF Power Solutions Development, Inc. ("EDF"), Heartland's sole owner, member, and manager, liable for any judgments entered against Heartland in this case.  (*Id.* ECF No. 395 at 7-10.)

In the following months, the Court granted EDF's unopposed motions to intervene (ECF No. 413) and to approve a supersedeas bond in the amount of $1,220,442.64 (ECF No. 415).[1]  Pursuant to a new scheduling order, both sides then filed Motions for Summary Judgment addressing Plaintiff's entitlement to reliance damages on Count I.  (ECF Nos. 438, 440.)  Those Motions remain pending; this Order addresses only the Forthwith Motion.

## II.    LEGAL STANDARD

"[T]he purpose of a supersedeas bond is to secure an appellee from loss resulting from the stay of execution" while a case is on appeal.  *Miami Int'l Realty Co. v. Paynter*, 807 F.2d

---

[1] The bond secures Plaintiff's judgment on Count II for diversion damages ($868,378) plus prejudgment interest ($252,596) and post-judgment interest through September 1, 2026 ($99,468.64).

871, 873 (10th Cir. 1986). "[W]hen setting supersedeas bonds, courts seek to protect judgment creditors as fully as possible without irreparably injuring judgment debtors." *Id.* (quotation omitted). Although a full bond is generally required, courts have inherent discretionary authority in setting supersedeas bonds; thus, they may issue a stay of execution without a bond or upon the posting of a partial bond under appropriate circumstances. *See* Fed. R. Civ. P. 62; *see also Cocona, Inc. v. VF Outdoor, LLC*, 2025 WL 1617234, at *1 (D. Colo. May 23, 2025).

### III.    ANALYSIS

In its Forthwith Motion, Plaintiff contends that the present bond is inadequate because it "fails to secure any amount for [Plaintiff's] attorneys' fees and costs and fees incurred in obtaining the judgment on Count II" or its "fees and costs incurred to defend Heartland's first appeal and obtain the post-remand entry of the Count II judgment." (ECF No. 479 at 2.) Plaintiff further contends that increasing the bond is warranted because EDF is planning to sell all its assets. (*Id.* at 1.)

In response, EDF argues that the current bond is sufficient to secure the entire April 8 Amended Judgment, plus interest, and that Fed. R. Civ. P. 62 "does not function as a mechanism to lock in hypothetical future awards that a judgment creditor hopes to obtain." (ECF No. 481 at 6; *see id.* at 7 ("When no judgment exists, there's nothing to stay. And when there is nothing to stay, there is nothing to secure by supersedeas bond.").)

The Court is not persuaded that the Forthwith Motion should be granted. As noted above, the Tenth Circuit remanded this case with directions to recalculate the attorney fees and costs the Court initially awarded to Plaintiff in light of the Circuit's decision to vacate the majority of the jury's damages award. *See Lambland*, 2023 WL 8276140, at *10 n.12. The Court has since entered a final judgment regarding Plaintiff's diversion damages, and that

judgment is the basis for the current supersedeas bond.  But the Court has yet to resolve Plaintiff's various claims for attorney fees and costs associated with these proceedings, much less entered any judgment pertaining to them.  Indeed, at Plaintiff's request, the Court has postponed assessing fees and costs in this case until after entry of final judgment on Count I. (*See* ECF No. 372.)  In the absence of a new underlying judgment, Plaintiff's request to increase the supersedeas bond at this stage of the case is inapt.  Plaintiff's stated concern that EDF will dissipate its assets does not change the analysis.  At this juncture, the Court declines to enlarge the cart based on speculation as attorney fees Plaintiff could be awarded and before the horse has been obtained.

## IV.    CONCLUSION

Therefore, the Forthwith Motion (ECF No. 479) requesting to increase the supersedeas bond is DENIED.

DATED this 17th day of July, 2026.

BY THE COURT:

RAYMOND P. MOORE
Senior United States District Judge

4