**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**
**Senior Judge Raymond P. Moore**

Civil Action No. 18-cv-01060-RM-KLM

LAMBLAND, INC. d/b/a A-1 Organics, Inc., a Colorado corporation,

Plaintiff,

v.

HEARTLAND BIOGAS, LLC, a Delaware limited liability company, and
EDF POWER SOLUTIONS DEVELOPMENT, INC., a Delaware corporation,

Defendants.

---

**ORDER**

---

This case is before the Court on remand from the United States Court of Appeals for the Tenth Circuit, which vacated most, but not all, of the damages the jury awarded on Plaintiff's dual breach-of-contract claims. Those claims were premised on two interrelated agreements Plaintiff made with Defendant Heartland Biogas, LLC ("Heartland"): the Operating Lease (Count I) and the Substrate Services Agreement ("SSA") (Count II). The Tenth Circuit left intact the diversion damages awarded under the SSA, and the Court has since entered final judgment on Count II at Plaintiff's request. This Order addresses the parties' cross motions for summary judgment on Count I. (ECF Nos. 438, 440.) For the reasons below, the Court grants Heartland's Motion and denies Plaintiff's Motion as moot.

## I. BACKGROUND

Eight years ago, Plaintiff filed this lawsuit against Heartland for breach of the Lease and the SSA. The overall purpose of these agreements was for Plaintiff and Heartland to operate a

solid waste facility. However, the facility operated for only about a year before it was shut down. On summary judgment, Plaintiff prevailed in establishing Heartland's liability, under both agreements, for failing to obtain the necessary permitting to lawfully operate the facility. (*See* ECF No. 181.) The case proceeded to trial to determine the amount of Plaintiff's damages. The jury awarded over $5 million in lost profits (on both Counts) plus $868,378 in diversion damages (on Count II). Additionally, the Court awarded over $2 million in attorney fees and costs. Heartland appealed.

The Tenth Circuit vacated the jury's verdict on lost profits damages because they rested entirely on the testimony of Plaintiff's president and chief financial officer, which the Court improperly admitted as lay opinion testimony. *Lambland, Inc. v. Heartland Biogas, LLC*, 2023 WL 8276140, at *10 n.12 (10th Cir. 2023) (unpublished). But the Tenth Circuit allowed the diversion damages to stand, as these were separately supported by the testimony of Plaintiff's expert. *Id.* at *7 n.7. The Tenth Circuit directed this Court to decide whether a new trial on damages or entry of judgment for Heartland is warranted," *id.* at *10, and "to recalculate the appropriate amount of fees and costs because of [its] decision to vacate the majority of the jury's damages award," *id.* at *10 n.12.

Following supplemental briefing on how the case should proceed, Plaintiff moved for entry of final judgment on Count II on the grounds that there was no just reason to delay and because "reinstatement of [its] standing as a judgment creditor" would aid its collection efforts in connection with the diversion damages. (ECF No. 368 at 2.) The Court granted that request. (ECF No. 368, 369.) The Court also granted Plaintiff's motion to pierce Heartland's corporate veil and hold Defendant EDF Power Solutions Development, Inc. ("EDF"), Heartland's sole owner, member, and manager, liable for any judgment against Heartland. (ECF No. 395 at 7-

10.) In the following months, the Court granted EDF's unopposed motion to intervene. (ECF No. 413.) Pursuant to a new scheduling order, both sides filed their current Motions regarding Plaintiff's claim that it is entitled to reliance damages on Court I pursuant to the Lease.

## II. LEGAL STANDARD

Summary judgment is appropriate only if there is no genuine dispute of material fact and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Gutteridge v. Oklahoma*, 878 F.3d 1233, 1238 (10th Cir. 2018). Applying this standard requires viewing the facts in the light most favorable to the nonmoving party and resolving all factual disputes and reasonable inferences in his favor. *Cillo v. City of Greenwood Vill.*, 739 F.3d 451, 461 (10th Cir. 2013). However, "[t]he mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." *Scott v. Harris*, 550 U.S. 372, 380 (2007).

"The substantive law of the case determines which facts are material." *United States v. Simmons*, 129 F.3d 1386, 1388 (10th Cir. 1997). A fact is "material" if it pertains to an element of a claim or defense; a factual dispute is "genuine" if the evidence is so contradictory that if the matter went to trial, a reasonable jury could return a verdict for either party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Whether there is a genuine dispute as to a material fact depends upon whether the evidence presents sufficient disagreement to require submission to a jury or is so one-sided that one party must prevail as a matter of law. *Id.* at 251-52; *Stone v. Autoliv ASP, Inc.*, 210 F.3d 1132, 1136 (10th Cir. 2000).

Where the burden of persuasion at trial would be on the nonmoving party, the party moving for summary judgment bears the initial burden of showing an absence of any issues of

material fact. *See Tesone v. Empire Mktg. Strategies*, 942 F.3d 979, 994 (10th Cir. 2019). If the moving party demonstrates that the nonmoving party's evidence is insufficient to establish an essential element of his claim, the burden shifts to it to set forth specific facts showing that there is a genuine issue for trial. *See id.* If it fails to make a sufficient showing to establish the existence of an element, summary judgment must be entered in favor of the moving party. *See id.*

## III. ANALYSIS

Pursuant to the Lease, Plaintiff contributed equipment and cash worth about $1.1 million to developing the solid waste facility. Citing the Restatement (Second) of Contracts §§ 344(b) and 349, Plaintiff seeks to recover its "reliance interest" under Count I, as an alternative to expectation damages, because these contributions were made performing or preparing to perform under the Lease. (ECF No. 362 at 5.) Under this theory, Plaintiff seeks to be put in the same position it would have been in had the Lease agreement not been made.

Heartland argues that the Lease and the SSA constitute one overarching agreement and that Plaintiff's award of diversion damages under the SSA precludes it from recovering reliance damages under the Lease. The Court agrees with Heartland's conclusion, but not for the same reasons presented in its Motion.

To begin with, it is evident that the Lease and the SSA are closely interrelated. Plaintiff attempts to sidestep the issue of whether they should be construed as one integrated agreement, stating merely that it does not contend the agreements are unrelated. (ECF No. 455 at 7.) However, it is undisputed that the agreements were executed simultaneously, that they repeatedly reference each other, and that the Lease expressly incorporates the SSA. (ECF No. 462, ¶¶ 1, 8, 17.) Moreover, in its liability ruling, the Court determined that Heartland breached both

agreements by the same conduct, namely, failing to obtain the government approvals needed to lawfully operate the facility. (ECF No. 181 at 6.) In addition, both parties have referred to the Lease and the SSA collectively throughout this litigation, including during opening and closing statements to the jury. (ECF Nos. 282, 284.) Also, the Special Verdict Form asked the jury to assess the past and future damages Plaintiff incurred as a result of "Heartland's breach of the contracts," without distinguishing between the two agreements. (ECF No. 273 at 1.) Plaintiff has failed to meaningfully address Heartland's contention that the Lease and the SSA should be construed as one agreement. Nor is the Court persuaded by Plaintiff's contention that it would be fundamentally unjust to leave it without a separate remedy for Heartland's breach of the Lease. Rather, the Court discerns no principled basis for separately construing the Lease and the SSA at this late stage of the case.

Next, in seeking reliance damages, Plaintiff insists that it is not seeking to disaffirm or rescind the parties' agreements; nonetheless, it is asking to be put in as good a position as it would have been in had the Lease agreement not been made. (ECF No. 455 at 10 (relying on *Spring Creek Expl. & Prod. Co., LLC, Hess Bakken Inv. II, LLC*, 887 F.3d 1003, 1026 (10th Cir. 2018)).) But without the Lease, there would be no SSA and, thus, no diversion damages. Under the present circumstances, the Court finds the reliance damages Plaintiff now seeks are fundamentally at odds with the diversion damages it has already obtained. The Court will not simultaneously enforce Heartland's obligation to pay diversion damages under the SSA while allowing Plaintiff to recapture its contributions under the Lease. *See Continental Materials Corp. v. Valco, Inc.*, 2019 WL 13167107, at *6 (D. Colo. Sept. 23, 2019) (unpublished) ("Continental cannot keep the benefits it obtained under some parts of the contract while avoiding its obligations under another part of it."). Plaintiff cites no authority for the proposition

that a party may recover reliance damages once it has already obtained contractual damages akin to the diversion damages Plaintiff has already obtained here.

Finally, contrary to Heartland's argument, the Court does not find that Plaintiff elected to pursue only its expectation damages before trial. The Court precluded Plaintiff from presenting evidence of its reliance damages, as an alternative to expectation damages, out of concern that such evidence would create confusion for the jury. (*See* ECF No. 231 at 5.) Additionally, the expert testimony supporting Plaintiff's reliance damages appeared to have limited probative value in light of Plaintiff's uncontested assertion that it could prove its expectation damages to a reasonable certainty and the absence of any indication that expectation damages would be inadequate. (*See id.*) However, after the case was remanded by the Tenth Circuit, Plaintiff requested entry of final judgment on the diversion damages verdict before securing, or even seeking, any ruling as to its reliance damages. In doing so, Plaintiff elected to accept the damages it could obtain by enforcing the SSA. Having done so, it may not now seek to be placed in the position it would have been had the Lease agreement—which would not have existed without the SSA—not been made. *See Spring Creek*, 887 F.3d at 1026. Plaintiff cites no authority for the proposition that a party may recover reliance damages based on one agreement once it has already recovered contractual damages based on another closely related agreement. The Court declines to selectively enforce the agreements in the manner Plaintiff suggests—allowing it to receive benefits under the SSA while essentially undoing the Lease, which the SSA was contingent on.

## IV. CONCLUSION

In the absence of any genuine issues of material fact with respect to Count I, the Court rejects Plaintiff's reliance damages theory as a matter of law. Accordingly, Defendant's Motion

for Summary Judgment (ECF No. 438) is GRANTED, and Plaintiff's Motion (ECF No. 440) is DENIED AS MOOT.

The Trial Preparation Conference and Trial set for October are VACATED. Plaintiff's pending Motion for an Extension (ECF No. 500) is DENIED AS MOOT.

Per this Court's July 26, 2024, Order, Plaintiff's bill of costs and application for attorney fees is due on or before September 11, 2026.

DATED this 24th day of August, 2026.

BY THE COURT:

RAYMOND P. MOORE
Senior United States District Judge